. 7526 .

ROUNTREE v. ROUNTREE.

WILLS—DEEDS.—The paper in question, although unskilfully drawn, being in writing, signed by the maker in presence of three witnesses and found in a law case not to have been delivered, and not to have been intended to be delivered in the maker's life time, construed to be a will with an executory devise to the children of the maker in a certain contingency.

Before WATTS, J., Barnwell, May, 1909.    Affirmed.

Action by W. C. Rountree *et al.* against Frank H. Rountree *et al.* and Carrie Ashley.

The decree on circuit is:

"This action on its appropriate calendar was called in open Court and marked 'Heard' by consent of counsel.    It was argued fully and ably before me by counsel representing the litigants at Aiken.    I have given due consideration required by the importance of the case, and now proceed to pronounce my judgment therein.    The case was heard upon two written agreements between counsel as to the evidence, documentary and oral, and as to admissions, said agreements being made between counsel.    One is dated the 3d day of March, 1909, and the other the 7th of April, 1909.    The documentary evidence referred to in said agreements, the admission of facts stated therein and the affidavits permitted to be presented by the agreements, were all before me and have been duly considered.    The complaint is in behalf of the plaintiffs named as aforesaid, and against

Frank H. Rountree, Eugenia A. Rountree, Leila Smith and
Lina Still (who are alleged to be tenants in common with
the plaintiffs of the tract of land in question), and the
action is brought against the other defendant, Carrie J.
Ashley, to recover possession of said tract of land, and for
damages for the withholding of said tract of land, in the
amount of one thousand dollars. It appears that the
defendant, Eugenia A. Rountree, has departed this life since
the action was begun.

"In the consideration of this case and in this decree here-
after, in order to simplify matters, the plaintiff and all of
the defendants, except Carrie J. Ashley, will be called the
claimants, and said Carrie J. Ashley will be called the
defendant, as the contest is between the parties in that
aspect. The tract of land is described as 'all that tract or
plantation of land, situate in Bennett Springs township,
county and State aforesaid, containing four hundred acres,
more or less, and bounded north by the estate lands of J. A.
Killingsworth, east by lands of Columbus Anderson and
lands of J. W. Rountree, south by the estate lands of Jos.
Ashley, known as the Turner place, and west by the estate
lands of Jos. Ashley, the said four hundred acres being a
part of the Green Pond tract. In some of the papers in the
proceedings hereinafter referred to said tract is sometimes
called the Ned Branch tract. The questions in the case
involve an issue of title to real estate, and the same being
submitted to the Court for trial and determination, the trial
by jury thereof is hereby waived. The answer of Frank
H. Rountree *et al.* (some of the claimants), admit the
allegations of the complaint and join with the plaintiff in
their prayer of possession of property. The answer of
Mrs. Ashley denies title in the claimants, sets up title in
herself, under the will of W. Elmore Ashley, and pleads the
statute of limitations and adverse possession. The claim-
ants assert title to the tract of land under an instrument of
writing executed by J. W. Rountree, dated the 29th of May,

1860. The defendant is in possession of the land under the will of W. Elmore Ashley, holding the same for herself and children, and it is admitted that she and her husband have been in possession of the same adversely ever since he purchased it from W. A. Dicks, on the 7th of December, 1887. · Dicks derived title thereto by a properly connected chain of deeds from Owen R. Parker, who obtained the same by a deed from Job D. Rountree, guardian of John B. Rountree, said deed being dated the 11th of April, 1869, and is based upon a judgment and order of the Probate Court of Barnwell County, authorizing and empowering said Job D. Rountree, as guardian of John B. Rountree, to convey said tract of land to Owen R. Parker in exchange for another tract of land called the Hungry Hill tract, which was conveyed by said Owen R. Parker to Job D. Rountree on the         day of April, 1869. The question is, Have the claimants title to the land in question, or has the defendant the better title? Both parties claim from J. W. Rountree.

"It is admitted that the claimants are the heirs and distributees at law of J. W. Rountree at the time of the commencement of this action, and it is also admitted that John B. Rountree died intestate in 1907, leaving surviving him as his children Frank H. Rountree, Leila Smith and Lina Still. It seems that these children of John B. Rountree are denominated also as the heirs at law of J. W. Rountree, and if they come under that denomination it must be through their mother, who was the widow of J. W. Rountree, and after his death married John B. Rountree. The foundation of the alleged claim of title on behalf of the claimants to the land in question is the instrument of writing referred to aforesaid and signed by J. W. Rountree on the 29th day of May, 1860, and the question surrounding said paper is whether said paper is a deed or will, the claimants asserting that it is a deed, and that it was delivered as such, and the defendant asserting that it was a will, and as such it was

duly probated. After careful consideration of the evidence on the important question of fact as to the delivery of said paper, I am constrained to find as matter of fact that the maker thereof, J. W. Rountree, never intended to deliver the same in his lifetime, and actually never delivered it, and that as a matter of fact it never was delivered and never took effect as a deed, even if it could be construed to be a deed. It is dated on the 20th of May, 1860—Mr. Rountree was in his last illness. It was dictated by him to one of his attending physicians. He died on the 3d of June thereafter.

"It was not delivered to Job D. Rountree, who was the duly appointed guardian of John B. Rountree, and was present at the time of its execution. It was left at the home of the maker, J. W. Rountree. It was probated after his death, on the 7th of June, 1860, and recorded on the 8th of June, 1860, and then delivered to J. J. Meyer, the executor, in a former will of the testator, which former will is dated the 21st of March, 1859, and was probated in the office of the probate judge on the 8th day of June, the same day that Mr. Meyer got the instrument from the clerk of the court. This is a summary of the testimony presented at the trial, and upon which I base my findings of fact that the deed was never intended to be delivered, and was not delivered in the lifetime of the maker. The law of delivery is very plain. No title can pass until there is actual delivery. *McKenzie* v. *Roper,* 2d Strob. Law, p. 306; *McDowell* v. *Chambers,* 1st Strob. Equity, p. 348.

"Mr. Greenleaf says, section 297: 'The delivery of a deed is complete when the grantor or obligor has parted with his dominion over it, with intent that it shall pass to the grantee or obligee.' In the case at bar there is no proof that Mr. Rountree had parted with the instrument with the intent that it should pass to John B. Rountree, or to any one for him, or for his benefit. I have considered carefully the case of *Dawson* v. *Dawson,* Rice's Equity, p. 256, cited

and relied upon by plaintiff's counsel. The facts in that case are very different from the facts in this case. There the maker of the paper, found to be a deed and found to be delivered in his lifetime, had carried the deed to the registrar and had the deed recorded, and took it back and held it, and had stated to the tax collector that he had made deed to his children under which he held the property in trust; but the facts in the case at bar are very different, and it is very clear that the paper in question was not probated or recorded until after the death of Mr. Rountree, and was not even then recorded by any one to whom it was delivered by Mr. Rountree for the benefit of the minor, John B. Rountree. As Chancellor Johnstone pertinently remarks in *Dawson* v. *Dawson,* p. 256, 'Registration is intended not to perfect the paper, but to publish it; not to supply any essential part of its execution, but to record it as it is; not to pass rights, but to give notice that rights have passed.' In the case at bar, as the paper was probated and recorded after the death of the maker, any presumption that may arise from its record has been overcome by the testimony of Job D. Rountree, set forth in his affidavits, and I am constrained to make the finding of fact as aforesaid.

"Inasmuch as the delivery of a deed is as essential to its legality as that it should have two witnesses and be in proper form, this finding of fact disposes of the contention of the claimants against them; but it is the duty of the Court to consider all questions that are made, and I shall proceed to consider the other questions which arise on the record.

"The claimants claim that the instrument aforesaid is a deed, and that inasmuch as in it, after the name John B. Rountree, no words of inheritance, such as 'heirs and assigns forever,' appear, when he died the estate reverted to them as heirs at law and distributees of the maker, J. W. Rountree. The paper in question opens with the words, 'Know all men by these presents.' Such words may apply

to a deed or a will. It has no consideration; no *habendum* or *tenendum*. In the winding up of the paper it says, 'Signed, sealed and delivered.' It states, 'I do give and bequeath unto J. B. Rountree,' and in its closing words it states, 'This legacy I bequeath, with the proviso that in case he, J. B. Rountree, dies without issue, the above legacy is to be returned to my (J. W. Rountree's) surviving children.'

"As is admitted on all sides, the intention of the maker of this paper must be carried out, and it can be plainly ascertained without violation of any fixed principle of law, and that ascertainment can be effectuated by construing the paper to be a deed, then it should be called a deed; and if it can be effectuated to be construed a will, then it should be called a will. If the intention can be found it should be carried out completely and fully, unless some vital principle of law is violated in so carrying the same out. *Selman v. Robertson,* 46 S. C., 262, 24 S. E., 187; *Watson v. Watson,* 24 S. C., 229.

"Put the test of common sense and logic on the paper in question, What was the intention of this uncle, J. W. Rountree, when he made this paper? J. B. Rountree was his nephew, and, as he stated to Job D. Rountree, he wanted him to have this land, and in the paper itself he gives and bequeaths it unto J. B. Rountree, and provided that if J. B. Rountree died without issue, then, and only in that event, was the 'legacy' to go back to the estate of the giver. In other words, he clearly intended this tract of land to be the property of J. B. Rountree, and not to go out of him or his family, except in the case that he should die without issue. To construe the paper a deed, as is claimed by the claimants, and that the title reverted upon the death of J. B. Rountree, would be to destroy this intent and defeat it; whereas, to construe the paper a will would be to effectuate the plain intention of the maker. The paper unquestionably gave to J. B. Rountree a fee simple, with an executory

devise to the surviving children of James W. Rountree, in the event of the death of J. B. Rountree without issue, living at that time; and I find that in the law the paper is a will, and that it gave such an estate to J. B. Rountree. *Selman* v. *Robertson, supra; Bedon* v. *Bedon,* 2d Bailey Law, p. 249; *Carr* v. *Porter,* 1st McCord's Equity, p. 87.

"There are no words in the paper itself which can overcome the clear and plain intent of the testator. The words, 'Give and bequeath,' and the words, 'This legacy I bequeath,' are apt words for a will, and do not apply at all to a deed; nor can the words, 'Signed, sealed and delivered,' overcome the aforesaid words of a will, especially when taken in connection with the plain intent of the testator. In the case of *Babb* v. *Harrison,* 9th Richardson's Equity, p. 112, cited at the bar by both counsel, it is stated by the chancellor, 'I would characterize a deed as an instrument which creates an interest to be enjoyed *in praesenti,* or *in futuro,* and which operates *in praesenti.'* A will always operates *in futuro.* * * * In the paper before me the words employed are 'Give, make and bequeath,' and, taken together, import an intention that it shall operate *in futuro.*

"In the paper being construed by the Court the words, 'give and bequeath,' appear, and, taken together with the intention, it is plain that the testator intended for it to operate *in futuro* entirely. No matter what the paper was called in the caption, and we find there on the certified copy presented to the Court the word 'deed;' that can not make it a deed, for it is not a deed. Another interesting question arises which, in the judgment of the Court, is as clearly against the assertion of title by the claimants as are the two questions already passed upon. It appears that on the 30th of November, 1868, the original of the paper aforesaid was carried to I. W. Teague, Esq., the probate judge, and proven before him on the oath of J. B. Goodwin, and admitted to probate by him as a will, while there was at that time another paper probated in said office as the will of J.

W. Rountree, yet the law is very clear, and is not questioned, that several papers, if not inconsistent with each other, can be probated and are considered, as taken together, the last will and testament of the testator. It is claimed that the probate judge ought not to have admitted this paper to probate because the witness swore that the testator 'declared the same to be his written deed.'

"However that may be, the probate judge did probate the paper, and there was a mode for those who were interested under it to contest that probate, which they did not do. It further appears that very soon after the probate of this paper, to wit, on the 3d of December, 1868, there was filed in said court of probate a petition on behalf of John B. Rountree, who was then a minor, by his next friend and guardian, Job D. Rountree, which said petition sets forth fully this paper in question, and denominates it as a devise which had been duly probated, and claimed that under it he was the owner of the land in fee, with an executory devise to the surviving children of James W. Rountree, and prays the Court to permit a sale or exchange of said land to Owen R. Parker for another tract of land of five hundred and fifty-five acres, and said petition prays that a citation do issue to parties named therein as the then heirs at law and surviving children of James W. Rountree, to show cause why said sale or exchange should not be made. Job D. Rountree was appointed the next friend of the petitioner. The original record is lost, and in the certified copies produced from the Court appears an answer, filed by W. H. Carey, the guardian *ad litem* of the respondent named in said answer, submitting their rights to the Court, and stating that 'They claim such interest in the premises as they are respectively entitled to.' The Court took testimony, which is reported with the proceedings, and from a document produced from the sheriff's office it seems that the defendants thereto were served by the sheriff personally and by copy left, as is in accordance with the practice of the old

court of equity, which by said statute was made the practice and procedure of the court of probate before the enactment of the Code of Procedure, which went into effect on the 1st day of March, 1870. The probate court filed a decree in the case, in which it denominates the paper in question, 'The devise of James W. Rountree,' and orders, 'That upon execution and delivery to the petitioner, J. B. Rountree, by Owen R. Parker, of a deed which conveys all the Sanders tract described in the petition, with limitations herein expressed corresponding to those declared in the devise by James W. Rountree, to the petitioner, Job D. Rountree, as guardian of the petitioner, is required to convey the Ned Branch tract described in the petition to said Owen R. Parker and his heirs and assigns. This petition was faithfully carried out, and, as stated aforesaid, a deed was made by Owen R. Parker to John B. Rountree of the Sanders or Hungry Hill tract, with the same considerations as are expressed in this devise under consideration.'

"It is contended by claimants that these proceedings in the court of probate are not binding, because said Court had no jurisdiction to entertain the same, or to make the decree in question, or to order the deed made by Job D. Rountree, the general guardian of Jno. B. Rountree.

"Within the powers specified in the Constitution, the court of probate is unquestionably a court of general jurisdiction, and all presumptions as to its records attach to it as much so as to a record of the Court of Common Pleas. It is presumed that all parties named in the pleadings before it were properly served, unless it appears to the contrary in any particular mode that they were served. It would be presumed that a guardian *ad litem* was appointed when parties appeared and answered by a guardian *ad litem,* and that the order was lost, and especially would this be the case after such great lapse of time as appears in this case, and it is admitted that the original papers in the office of the probate

judge, even the will in question, can not be found after due search. *Clark* v. *Neves,* 76 S. C., 491, 57 S. E., 614.

"So much, then, as to the making of the parties to the action, and as to the binding of the parties to the record by the service of process and the appearance by guardian *ad litem.* It should be borne in mind, in this connection, that in the written agreement of counsel it is admitted that the parties defendant before the probate court are the parties claimant in this action, or their privies. It is claimed that the probate court did not have jurisdiction of the subject matter; that it was not 'matter testamentary,' but it seems to me that taken in connection with the other words of the Constitution, 'in business appertaining to minors,' the court of probate clearly had jurisdiction of the subject matter under consideration, if it had before it a devise, and it had before it exclusively the business of minors. Yet be that as it may, it is clear to me that the proceeding before the probate court was substantially and in effect a partition proceeding. It sought the sale of the land for the purposes of exchange for another tract of land, and if it were in effect a proceeding, in partition, if not so strictly in form, the decree of the probate court should be sustained under the principles set forth in the well known case of *Herndon* v. *Moore* and *Schumpert* v. *Smith,* 18 S. C., 339, and following the opinion of the Supreme Court in the case of *Thomas* v. *Poole,* 19 S. C., 335, I hold that these proceedings were in effect a proceeding in partition, and as binding on the claimants in this case as were either parties to said proceeding in the probate court, or were represented by their privies It is further claimed that the record in the probate court can not be held to be *res adjudicata* of the question raised in this case, that the instrument of writing, which has been considered, is a deed and not a will, because it is suggested that said instrument was not construed by the probate judge in his proceedings.

"He probated the paper as a will. The petition in the case calls it a devise and sets forth the nature of the estate that the devise created; the answer of the defendants submitted their rights to the Court, and whilst there is no discussion in the decree as to the difference between a deed and a will, the finding that the paper under consideration was a devise was necessary to the conclusion reached by the Court, and as such it is binding on the parties to the cause. *Ex parte Roberts,* 19 S. C., 158; *Tremier* v. *Thompson,* 19 S. C., 254.

"The defendant, Mrs. Ashley, sets up in her answer adverse possession of the tract of land in question. As has been stated, the claimants who are defendants are the children and heirs at law of John B. Rountree. John B. Rountree, having had an absolute estate in the land in question, could have sued for the same, and he was barred by the adverse possesson of Mrs. Ashley and her husband, and hence such claimants would be barred on that ground also.

"After due consideration of the entire case upon the questions of fact and of law, it is ordered, adjudged and decreed:

1. "That Mrs. Carrie J. Ashley and her children under the will of her husband, W. E. Ashley, are the owners absolutely of the tract of land described in the pleadings and proceedings, and sometimes called the Greed Pond Tract, and at other times the Ned Branch Tract, situate in the County of Barnwell, and State aforesaid.

2. "It is further ordered that the complant be dismissed.

3. "That the plaintiffs and the claimants defendants do pay the costs of this action to be taxed by the clerk of the court, and that the defendant, Mrs. Ashley, have leave to enter up judgment for said costs and disbursements against said claimants (plaintiffs and defendants)."

From this decree all parties except Carrie Ashley, appeal, on the following exceptions:

1. "Because his Honor, Judge R. C. Watts, erred in holding that the instrument in writing of 'J. W. Rountree to J.

B. Rountree,' bearing date May 29, 1860, was a will; whereas, his Honor should have held that said instrument of writing was a deed, and only conveyed a life estate to J. B. Rountree, grantee, and upon the death of the said J. B. Rountree, the lands described in said instrument of writing reverted to the heirs and distributees at law of the said J. W. Rountree, grantor.

2. "Because his Honor erred in holding that the title to said lands and the rights of the parties to this action had been adjudicated in the probate court of Barnwell county; whereas, his Honor should have held that the said proceeding in the probate court of *Rountree* v. *Rountree et al.,* was a proceeding to change the investment of the lands conveyed by the said deed or instrument of writing, and that said probate court was without jurisdiction to hear any proceeding or action for the exchange or investments of lands, or a sale of lands for a change of investment under the Constitution and laws of this State, and his Honor should have so held.

3. "That his Honor erred in holding that the probate court had any jurisdiction to hear and determine the title to said lands or any matter touching or concerning a sale of the same, as the said title was passed and created by deed and not by will; and his Honor should have held that the said proceeding before the probate judge of Barnwell county did not involve any matter testamentary nor of administration, nor of partition; but that said proceeding was simply an application for the change of investment of said lands; and his Honor should have held that the court of equity alone had jurisdiction to hear and determine the same.

4. "Because his Honor erred in holding that the order of the probate court in the said proceeding of *Rountree* v. *Rountree et al.,* adjudged any question or rights of the parties to the said lands conveyed by the said deed; whereas his Honor should have held that the order of the probate court simply directed a sale of the lands conveyed by said deed in

exchange for other lands, and that said order determined no
rights of the parties to said lands.

5. "That his Honor erred in holding that the said proceed-
ing of *Rountree* v. *Rountree et al.,* in the probate court was,
a proceeding for partition; whereas, his Honor should have
held, that the said proceeding of J. B. Rountree, by his next
friend, in the probate court against Rountree *et al.,* was not
a proceeding for partition, and had none of the characteris-
tics of a partition proceeding, and his Honor should have so
held.

6. "That his Honor erred in holding that the said deed
was not delivered by the grantor, J. W. Rountree, to the
grantee, J. B. Rountree; whereas, his Honor should have
held that the said grantee, J. B. Rountree, was an infant of
tender years, and that a formal delivery to said infant would
have been farcical and useless, and his Honor should have
held that said deed was delivered by the grantor, J. W.
Rountree, to some person of years of discretion for the ben-
efit of said infant, J. B. Rountree, grantee.

7. "Because his Honor erred in not holding that the said
J. W. Rountree, previously to the execution of said deed to
J. B. Rountree, had made a will devising all of his real
estate to his wife and children; and after which the said
J. W. Rountree, as appears by the affidavit of Job D. Roun-
tree, that the said J. W. Rountree stated that he desired to
give said tract of land to J. B. Rountree and wanted him to
have same, and then and there dictated the terms and condi-
tions of same to his attending physician, Dr. Frederick, and
pronounced the same as his written deed, and his Honor
should have so held.

8. "Because his Honor erred in holding that the said
instrument of writing of J. W. Rountree to J. B. Rountree
was a will; whereas, his Honor should have held that said
instrument was a deed, as it appears from the record of pro-
bate of same in the office of probate, upon the affidavit of
J. B. Goodwin, that the said J. W. Rountree 'signed, sealed,

published, pronounced and declared the same to be his written deed,' and his Honor should have held that the same was a deed and immediately passed the title to the said J. B. Rountree."

*Messrs. J. O. Patterson & Son* and *B. T. Rice,* for appellant, cite: *Intention:* 3 Strob. L., 60; Rice's Eq., 250; 24 S. C., 229; 3 Rich. Eq,, 454. *Delivery:* Rice's Eq , 265; 4 McC., 198; 1 McC., 177; 2 Strob. Eq., 187; 13 Cyc., 730; 57 N. C., 12; 9 Rich. Eq., 116; 3 Rich Eq., 453; 2 Strob. Eq., 248.

*Messrs. Hendersons* and *J. A. Willis,* contra. *Messrs. Hendersons* cite: *Effect of proceedings in probate court:* 19 S. C., 335, 254; 10 S. C., 158; 49 S. C., 511.

March 30, 1910. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. This action was brought against the defendant, Carrie Ashley, to recover lands described in the complaint. The defendants, other than Carrie Ashley, are alleged to be tenants in common with plaintiffs. The case depends upon the question whether the following instrument is a deed or a will:

"Deed:

"State of South Carolina, Barnwell County.

"Know all men by these presents, That I, J. W. Rountree, of the district and State aforesaid, do give and bequeath unto J. B. Rountree, of the district and State aforesaid, four hundred acres of land, to be taken from the Green Pond tract, with following boundaries, viz.: North by lands of William Calvin Rountree and Nathan Anderson, and west by Isaac A. Wood; the dividing line to commence at the north of the Green Pond head, where it empties into Ned's Branch, running to the commencement or source of said head. The southern and eastern boundaries to fall within

lands of said J. W. Rountree. This legacy I bequeath with the proviso that in case he, J. B. Rountree, dies without issue, the above legacy is to be returned to my (J. B. Rountree's) surviving children.

"Signed, sealed and delivered this 29th day of May, in the year of our Lord one thousand eight hundred and sixty and in the eighty-fourth year of the independence of America. J. W. Rountree. (L. S.)

"Delivered the original to J. J. Meyer, the 8th June, 1860. (marginal writing).

"Testator: J. B. Goodwin. E. J. Frederick, Isaac Foreman.

"South Carolina, Barnwell District.

"Personally appeared J. B. Goodwin, and made oath that he saw James W. Rountree sign, seal and as his act and deed deliver the within written deed, and he, together with E. J. Frederick and Isaac Foreman, witnessed the due execution thereof. J. B. Goodwin.

"Sworn to before me this 7th day of June, A. D. 1860. L. H. Morgan, Magistrate."

The claimants, who are the only heirs at law and distributees of J. W. Rountree, the maker, assert that the instrument is a deed and that in the absence of words of inheritance, the estate, on the death of J. B. Rountree, reverted to them. The defendant, Mrs. Ashley, contends that it is a will, giving a fee simple estate to J. B. Rountree with an executory devise to the surving children of J. W. Rountree in the event of the death of J. B. Rountree without issue, then living.

J. W. Rountree dictated this instrument to Dr. E. J. Frederick during his last illness, and he died a few days thereafter on June 3, 1860. This paper was recorded in clerk's office for Barnwell County on the 8th of June, 1860, and was then delivered to J. J. Meyer, who was the executor named in a former will of the testator, dated March 21, 1859, and probated in the office of probate judge on June 8,

26—85

1860, the same day that Mr. Meyer got the instrument in question from the clerk of the court.

The instrument in question was also probated as a deed or will in the probate office for Barnwell county on November 30, 1868. J. B. Rountree was a nephew of J. W. Rountree, and was a minor at the time of the execution of this paper, and Jos. B. Rountree was his general guardian and was present at the time of its execution. He testified that J. W. Rountree declared that he wanted J. B. Rountree to have four hundred acres of his Green Pond tract and requested one of the attending physicians to prepare the instrument in question. The issues of fact as well as of law were submitted to his Honor, Judge Watts, without a jury.

In a carefully prepared and learned decree (herewith reported with exceptions thereto), Judge Watts gave judgment for Mrs. Ashley and dismissed the complaint. He found as a fact that the instrument was left at the home of the maker not delivered nor intended to be delivered in his lifetime, and this conclusion is not without evidence to support it. Under the well settled rule such finding in a case at law is conclusive in this Court. In addition to the authorities cited in the circuit decree, we may add the recent case of *Merck* v. *Merck,* 83 S. C., 341, where the Court declares:

"It is essential to delivery that a deed shall pass beyond the control of the grantor. If the grantor retains custody and control during his life the paper can not have effect as a deed at his death." The Circuit Court declared the instrument to be a will and, although unskillfully drawn, it complies with the essentials of a will as provided in section 2476 of the Civil Code, being in writing and signed by the party devising, and attested and subscribed in the presence of the devisor and of each other by three witnesses.

It has been probated as such, and in a proceeding in the probate court concerning the exchange of this same land, with all the surviving children of J. W. Rountree, parties

thereto, the instrument was treated and acted upon as a will. The Circuit Court, therefore, correctly held that J. B. Rountree took thereunder a fee simple to the land in dispute, with executory devise to the children of J. W. Rountree surviving on the death of J. B. Rountree without issue, living at the time of the latter's death. It is admitted that J. B. Rountree died intestate in 1907, leaving surviving him three children, Frank H. Rountree, Leila Smith, and Lina Still.

This is conclusive of the case without regard to other matters discussed in the opinion of the Circuit Court.

The judgment of the Circuit Court is affirmed.